KENNEBUNK & KENNEBUNKPORT RAILROAD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9108.   Promulgated October 4, 1927.

Many years prior to the taxable year petitioner leased its railroad and property for a term of years, the lessee agreeing to pay all Federal income taxes imposed upon the lessor with reference to the rental. The lessee paid the Federal tax upon the net income returned by petitioner for each year subsequent to the lease. *Held*, the amount of tax so paid constitutes additional income to the petitioner for the year in which such tax became due and was paid.

*J. S. Y. Ivins, Esq.,* and *O. R. Folsom-Jones, Esq.,* for the petitioner.

*M. N. Fisher, Esq.,* and *P. J. Rose, Esq.,* for the respondent.

The Commissioner determined a deficiency in income and profits tax for the fiscal period January 1 to November 30, 1919, in the amount of $25.14.

The issues involved are (1) whether the payment, under the terms of a lease, of the lessor's income tax by the lessee constitutes additional income to the lessor, and (2) whether the allowance by the Commissioner of only eleven-twelfths of $2,000 credit provided in section 236 (c) of the Revenue Act of 1918 is correct, the petitioner claiming that the full $2,000 should have been allowed.

### FINDINGS OF FACT.

During the taxable period petitioner was a Maine corporation with its principal office at Kennebunk. It was the owner of a railroad which it had leased to the Boston & Maine Railroad under a lease which provided, *inter alia*, that the lessee would pay the Federal income tax of the lessor. The income tax of petitioner for each year was payable and was paid by its lessee in the following year.

The Commissioner computed a Federal income tax of $84.79 upon petitioner's income for the period January 1 to November 30, 1919, as revised by him, and added this amount to petitioner's taxable income for said fiscal period.

The income-tax return of the petitioner for the calendar year 1918 disclosed a tax liability of $111, computed upon the income of the petitioner for that year without the inclusion therein of any amount on account of tax paid by petitioner's lessee. This tax of $111 was paid by petitioner's lessee during the year 1919.

In arriving at the amount of the deficiency for the fiscal period January 1 to November 30, 1919, the Commissioner allowed petitioner as a credit against taxable income, under the provisions of section 236 of the Revenue Act of 1918, eleven-twelfths of $2,000.

Petitioner was merged with the Boston & Maine Railroad December 1, 1919.

Petitioner kept its books and rendered its returns upon an accrual basis.

### OPINION.

LITTLETON: In *Appeal of Providence & Worcester Railroad Co.*, 5 B. T. A. 1186, the Board held that the amount of tax upon the income of the lessor paid by the lessee, under the terms of a lease such as we have here, constituted additional taxable income to such lessor in the year in which such tax was payable by such lessee. On the authority of that decision petitioner's tax for the fiscal period January 1 to November 30, 1919, should be recomputed by including in income the amount of $111 representing the tax upon petitioner's income for the year 1918 paid in 1919.

The second issue involved in this proceeding is the same as that decided by the Board in *Lowell & Andover Railroad Co.*, 8 B. T. A. 501, decided this date. Upon the authority of that decision it is held that the Commissioner erroneously refused to allow petitioner the full $2,000 credit.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*